UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Sharon Feldpausch

    Plaintiff,

v.

Medfast Urgent Care Centers, LLC

    Defendant,

_____/

## COMPLAINT

COMES NOW the Plaintiff, Sharon Feldpausch, by and through the undersigned counsel, and hereby sues Defendant Medfast Urgent Care Centers, LLC, and alleges:

### Jurisdiction and Venues

1. This is an action for equitable and monetary relief to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act of 1993, as amended (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1).

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

3. The venue of this action is properly placed in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Brevard County, within the jurisdiction of this Honorable Court.

## Parties

4. Plaintiff Sharon Feldpausch is a covered employee for purposes of the Act. The Plaintiff is a resident of Brevard County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the FMLA.

5. Defendant Medfast Urgent Care Centers, LLC (hereinafter Medfast Urgent Care, or Defendant) is a Florida corporation, having a place of business in Brevard County, Florida. Defendant was engaged in interstate commerce.

6. Defendant was the employer of Plaintiff and others similarly situated within the meaning of the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), as amended.

7. All the actions raised in this Complaint took place in Brevard County, Florida, within the jurisdiction of this Court.

## General Allegations

8. Defendant Medfast Urgent Care is a provider of emergency medical services and related health services. Defendant offers health services throughout multiple locations in Brevard County.

9. Defendant Medfast Urgent Care employed Plaintiff Sharon Feldpausch approximately from December 12, 2020, to July 19, 2021, or 31 weeks plus 2 days.

10. Medfast Urgent Care hired Plaintiff Sharon Feldpausch as a non-exempted, full-time, hourly Patient Intake Specialist. Plaintiff's wage rate was $12.00 an hour.

11. Plaintiff worked in Medfast Urgent Care located at 3045 Columbia Blvd., Unit A-108. Titusville, FL 32780.

12. While employed by Defendant, until approximately May 2021, Plaintiff worked five days per week, more than 40 hours. After May 2021, Plaintiff did not work more than 40 hours anymore.

13. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

14. Unfortunately, on or about June 09, 2021, Plaintiff was forced to seek medical attention to treat her knee pain. Plaintiff underwent knee surgery in 2017, but her pain was back.

15. Plaintiff was seen by Nurse Practitioners Harry Carrol and Julie Canada (both from Medfast Urgent Care), who prescribed an MRI and painkillers.

16. On or about June 21, 2021, Plaintiff met with Medfast Urgent Care's Vice-President and Human Resources Representative. Plaintiff informed them about her knee injury and the possibility of a second knee surgery.

17. On July 14, 2021, Plaintiff was given a doctor's note excusing her from work from July 13 to July 14, 2021, and Plaintiff had to resume work on July 15, 2021. The note was signed by Nurse Practitioner Harry Carrol.

18. Plaintiff's condition did not improve, and on or about July 15, 2021, Plaintiff was given a second note excusing her from work on July 15 and 16, 2021. Plaintiff had to resume work on July 17, 2021.

19. Plaintiff returned to work as scheduled on July 17, 2021, and she also worked on July 18, 2021.

20. However, on or about July 19, 2021, Plaintiff received a call from HR, informing her that she was fired due to "forging" a doctor's note. Plaintiff denied this wrongdoing.

21. On or about July 19, 2021, while Plaintiff was in pain and making arrangements to get knee surgery, Defendant fired Plaintiff using a pretext.

22. Plaintiff was a qualified employee entitled to FMLA-protected leave. Defendant Medfast Urgent Care violated Plaintiff's FMLA protections when it failed to inform Plaintiff that she was eligible to take a protected leave under the FMLA. According to 29 CFR §825.300 (a)(1) and (b)(1), employers are required to inform employees when they meet the requirements to be eligible for an FMLA leave.  Medfast Urgent Care did not notify Plaintiff of her FMLA rights.

23. Defendant Medfast Urgent Care violated Plaintiff's protected rights under the  Family Medical Leave Act 29 U.S.C. Section 2612 (a)(1), as amended, when it failed to inform Plaintiff that she was eligible to take protected leave under the FMLA because of her qualifying medical condition.

24. Defendant Medfast Urgent Care maliciously fired Plaintiff because she was about to exercise her rights under the FMLA. As a result, Plaintiff was unlawfully and retaliatory terminated by her employer.

25. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Due to Defendant's actions, Plaintiff has been unable to get

the necessary medical treatment for her knee. Plaintiff's health insurance benefits were terminated on July 31, 2021.

26. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

27. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act of 1993, as amended, and any other remedy, as allowable by law.

## COUNT I:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993; INTERFERENCE WITH FMLA RIGHTS

28. Plaintiff SHARON FELDPAUSCH re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-27 above, as if set out in full herein.

29. This is an action against Defendant Medfast Urgent Care for damages and injunctive relief for violating the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

30. At all times relevant and material, Defendant Medfast Urgent Care is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).  Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

31. Plaintiff Sharon Feldpausch is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act of 1993, as amended.

32. Defendant Medfast Urgent Care employed Plaintiff Sharon Feldpausch approximately from December 12, 2020, to July 19, 2021, or 31 weeks plus 2 days.

33. Medfast Urgent Care hired Plaintiff Sharon Feldpausch as a non-exempted, full-time, hourly Patient Intake Specialist.  Plaintiff's wage rate was $12.00 an hour.

34. Plaintiff worked in Medfast Urgent Care located at 3045 Columbia Blvd., Unit A-108. Titusville, FL 32780.

35. While employed by Defendant, until approximately May 2021, Plaintiff worked five days per week, 40 hours or more. After May 2021, Plaintiff did not work more than 40 hours anymore.

36. Thus, Plaintiff had worked for Medfast Urgent Care for more than 1250 hours in the 12 months preceding her need for medical leave.

37. At all times material, Plaintiff was qualified to perform her job as an Intake Specialist within her employer's legitimate expectations.

38. However, on or about June 09, 2021, Plaintiff was forced to seek medical attention to treat her knee pain. Plaintiff underwent knee surgery in 2017, but her pain was back.

39. Plaintiff was seen by Nurse Practitioners Harry Carrol and Julie Canada (both from Medfast Urgent Care), who prescribed an MRI and painkillers.

40. On or about June 21, 2021, Plaintiff met with Medfast Urgent Care's Vice-President and a Human Resources Representative. Plaintiff informed them about her knee injury and the probability of second knee surgery.

41. On July 14, 2021, Plaintiff was given a doctor's note excusing her from work from July 13 to July 14, 2021, Plaintiff had to resume work on July 15, 2021. The note was signed by Nurse Practitioner Harry Carrol.

42. Plaintiff's condition did not improve, and on or about July 15, 2021, Plaintiff was given a second note excusing her from work July 15, and 16, 2021. Plaintiff had to resume work on July 17, 2021.

43. Plaintiff returned to work as scheduled on July 17, 2021, and she worked also on July 18, 2021.

44. Plaintiff returned to work as scheduled on July 17, 2021, and she worked also on July 18, 2021.

45. However, on or about July 19, 2021, while Plaintiff was in pain and making arrangements to get knee surgery, Defendant fired Plaintiff using a pretext.

46. Medfast Urgent Care acquired knowledge that Plaintiff's leave could be for an FMLA-qualifying reason. However, Defendant did not notify Plaintiff about her eligibility to take an FMLA-protected leave.

47. Defendant Medfast Urgent Care violated Plaintiff's FMLA protections when it failed to inform Plaintiff that she was eligible to take protected leave under the FMLA. According to 29 CFR §825.300 (a)(1) and (b)(1), employers are required to inform employees when they meet the requirements to be eligible for an FMLA leave.  Medfast Urgent Care did not notify Plaintiff about her FMLA rights.

48. Instead, on or about July 19, 2021, while Plaintiff was in pain and making arrangements to have knee surgery, Plaintiff was wrongfully terminated. Plaintiff's rights under the provisions of the Family Medical Leave Act were violated.

49. Defendant Medfast Urgent Care is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654), but Defendant interfered with Plaintiff's rights.

50. 29 U.S. CODE § 2615 states in pertinent part:

**a) Interference with rights**
**(1) Exercise of rights**
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.

51. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of FMLA to treat her condition and then continuing her job in her original position or an equivalent position.

52. Defendant Medfast Urgent Care willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 U.S.C. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

53. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job.

54. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Sharon Feldpausch respectfully requests that this Honorable Court will grant judgment:

A. Finding that Medfast Urgent Care's actions towards Plaintiff to be violative of the Plaintiff's rights under the FMLA;

B. Awarding Plaintiff Sharon Feldpausch payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## Demand for a Jury Trial

Plaintiff Sharon Feldpausch demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

55. Plaintiff Sharon Feldpausch re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-27 above or the FMLA allegations as if set out in full herein.

56. This is an action against corporate Defendant Medfast Urgent Care for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

57. At all times relevant and material, Defendant Medfast Urgent Care is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

58. Plaintiff Sharon Feldpausch is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

59. Defendant Medfast Urgent Care employed Plaintiff Sharon Feldpausch approximately from December 12, 2020, to July 19, 2021, or 31 weeks plus 2 days.

60. Medfast Urgent Care hired Plaintiff Sharon Feldpausch as a non-exempted, full-time, hourly Patient Intake Specialist. Plaintiff's wage rate was $12.00 an hour.

61. While employed by Defendant, until approximately May 2021, Plaintiff worked five days per week, more than 40 hours weekly. After May 2021, Plaintiff did not work more than 40 hours per week anymore.

62. Thus, Plaintiff had worked for Medfast Urgent Care for more than 1250 hours in the 12 months preceding her need for medical leave.

63. At all times material, Plaintiff was qualified to perform her job as an Intake Specialist, within the legitimate expectations of her employer.

64. However, on or about June 09, 2021, Plaintiff was forced to seek medical attention to treat her knee pain.

65. Plaintiff was seen by Nurse Practitioners Harry Carrol and Julie Canada (both from Medfast Urgent Care), who prescribed an MRI and painkillers.

66. On or about June 21, 2021, Plaintiff met with Medfast Urgent Care's Vice-President and a Human Resources Representative. Plaintiff informed them about her knee injury and the probability of a second knee surgery.

67. On July 14, 2021, Plaintiff was given a doctor's note excusing her from work from July 13 to July 14, 2021, Plaintiff had to resume work on July 15, 2021. The note was signed by Nurse practitioner Harry Carrol.

68. Plaintiff's condition did not improve, and on or about July 15, 2021, Plaintiff was given a second note excusing her from work on July 15 and 16, 2021. Plaintiff had to resume work on July 17, 2021.

69. Plaintiff returned to work as scheduled on July 17, 2021, and she also worked on July 18, 2021.

70. Plaintiff returned to work as scheduled on July 17, 2021, and she also worked on July 18, 2021.

71. However, on or about July 19, 2021, while Plaintiff was in pain and making arrangements to get knee surgery, Defendant fired her using a pretext.

72. By giving notice to her employer about her need for a potential or qualified FMLA-protected leave, Plaintiff engaged in statutorily protected conduct under the FMLA.

73. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

74. There is a causal link between Plaintiff's need for an FMLA leave and the adverse action.

75. Plaintiff was wrongfully terminated from her position in retaliation for her qualified status or entitlement to exercise her rights under the Act, adversely affecting Plaintiff.

76. Defendant Medfast Urgent Care is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant retaliated against Plaintiff violating 29 U.S. CODE § 2615 and 29 C.F.R § 825.220 (a)(3)(ii) which states in pertinent part:

    (a) The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

    (3) All persons (whether or not employers) are prohibited from discharging or in any other way discriminating against any person (whether or not an employee) because that person has -

    (i) Filed any charge, or has instituted (or caused to be instituted) any proceeding under or related to this Act;

    (ii) Given, or is about to give, any information in connection with an inquiry or proceeding relating to a right under this Act;

77. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave and then continuing her job in her original position or an equivalent position.

78. Defendant willfully and wantonly denied or otherwise retaliated against Plaintiff for her entitlement to exercise substantive rights under the Family Medical Leave Act.

79. As a direct and proximate cause of Defendant's willful, wanton, and

malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

80. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff Sharon Feldpausch respectfully requests that this Honorable Court will grant judgment:

A. Finding that Medfast Urgent Care's actions toward Plaintiff violated Plaintiff's rights under the FMLA.

B. Awarding Plaintiff Sharon Feldpausch payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>Demand for a Jury Trial</u>

Plaintiff Sharon Feldpausch demands trial by a jury of all issues triable as of right by a jury.

Dated: August 18, 2021

                                              Respectfully submitted,

                                              By: **/s/ Zandro E. Palma**
                                              ZANDRO E. PALMA, P.A.
                                              Florida Bar No.: 0024031
                                              9100 S. Dadeland Blvd.
                                              Suite 1500
                                              Miami, FL 33156
                                              Telephone:    (305) 446-1500
                                              Facsimile:     (305) 446-1502
                                              zep@thepalmalawgroup.com
                                              *Attorney for Plaintiff*